**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURJIT SINGH SAMRA, | No. 10-71354 |
| Petitioner, | Agency No. A078-648-183 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Surjit Singh Samra, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Samra contends he established changed country conditions and a prima facie case for asylum based on an increase in police abuses and based on his diagnosis of post-traumatic stress disorder and the poor quality of India's mental health system.

With respect to police abuses, the BIA did not abuse its discretion in denying Samra's untimely motion to reopen because he did not establish changed circumstances in India to qualify for the regulatory exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 989-90 (petitioner's evidence was not "qualitatively different" from evidence in prior proceedings); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence of persecution of apostates was not material given adverse credibility finding on petitioner's claim of religious conversion).

With respect to his mental health claims, the BIA did not abuse its discretion in finding Samra did not show that his diagnosis represented new evidence. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (evidence capable of being discovered prior to hearing cannot serve as basis for motion to reopen). Further, Samra has not overcome the presumption that the BIA considered the evidence related to his mental health claims. *See Fernandez v.*

*Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).  Finally, we lack jurisdiction to consider his remaining contentions because he did not raise them to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**